Joshua D. **GRIGGS,** Respondent,

v.

**DIRECTOR OF REVENUE,** State of Missouri, Appellant.

No. SD 30875.

Missouri Court of Appeals,
Southern District,
Division Two.

May 20, 2011.

Motion for Rehearing or Transfer to Supreme Court Denied June 2, 2011.

Chris Koster, Attorney General and Trevor S. Bossert, and Jonathan H. Hale, Special Assistant Attorneys General, Jefferson City, MO, for Appellant.

Timothy R. Cisar, Lake Ozark, MO, for Respondent.

WILLIAM W. FRANCIS, JR., Judge.

The Director of Revenue ("Director") seeks review of the judgment of the trial court finding in favor of Joshua D. Griggs ("Respondent") and reinstating Respondent's driving privileges. The trial court excluded evidence of a maintenance report and breath test results for Respondent because of "the failure of [the] [Missouri Department of Transportation ("MoDOT")] to adopt the necessary rules and regulations to carry out its duties" for the breath alcohol program ("BAP") under MoDOT's authority. The Director contends the trial court misapplied the law in excluding the evidence.[1] We agree. We reverse the judgment of the trial court.

At 11:58 p.m., on January 16, 2010, Deputy Daniel Gibbs ("Deputy Gibbs") of the Camden County Sheriff's Department stopped Respondent for a series of traffic violations. Deputy Gibbs initially began his pursuit when he observed Respondent speeding and failing to use his turn signal. As Deputy Gibbs began to pursue Respondent, Respondent accelerated, and continued to accelerate after Deputy Gibbs activated his lights and attempted to catch up with Respondent. Deputy Gibbs was unable to catch Respondent, but then located Respondent's vehicle at a nearby intersection. Respondent's vehicle had slid off the road into the yard of a residence where it struck some rocks. When asked by Deputy Gibbs why he did not stop, Respondent

responded, "I did, see." Respondent further explained he slid into the yard because he "wanted to stop for [Deputy Gibbs]."

While speaking to Respondent, Deputy Gibbs smelled a moderate odor of intoxicants, and observed Respondent's eyes were watery and bloodshot. Respondent also swayed while balancing, stumbled when walking, and was confused as to where he had parked his car. Deputy Gibbs then administered the Horizontal Gaze Nystagmus ("HGN") test. Based on Deputy Gibbs' observations of: (1) Respondent's acceleration to evade Deputy Gibbs resulting in the one-vehicle accident; (2) Respondent's nonsensical explanation for the accident, (3) the odor of alcohol and Respondent's watery and bloodshot eyes; (4) Respondent's difficulty maintaining his balance; (5) Respondent's confusion about where he parked his car; and (6) Respondent's poor performance on the HGN test, Deputy Gibbs arrested Respondent for driving while intoxicated ("DWI") and transported him to the Camden County Jail.

At the jail, Respondent was read his *Miranda*[2] rights and Missouri's implied consent law. Respondent agreed to a blood alcohol analysis, which was performed by Deputy "T. Stone" ("Deputy Stone"). Deputy Stone utilized the BA Datamaster, serial number 204138, for Respondent's analysis. After the analysis, Deputy Stone completed the Datamaster checklist and certified he administered the test according to the rules promulgated by the Missouri Department of Health and Senior Services ("DHSS"). Respondent registered a .094 blood alcohol content

---

1. Respondent did not submit a brief and was not required to do so. *West v. Director of Revenue,* 297 S.W.3d 648, 650 n. 2 (Mo.App. S.D.2009). We decide the case without the benefit of any argument Respondent might

have raised. *Colhouer v. Director of Revenue,* 283 S.W.3d 284, 286 n. 3 (Mo.App. S.D.2009).

2. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

("BAC"), and Deputy Gibbs charged him with DWI and failure to use turn signal. Deputy Gibbs also issued a notice of suspension and signed and completed an Alcohol Influence Report ("AIR") for Respondent.

Following an administrative hearing, Respondent filed a "Petition for Trial De Novo" in the Circuit Court of Camden County. The record consisted only of evidence submitted at the hearing in the form of Director's certified records, over Respondent's objections, and arguments of counsel.

The trial court held that the breath test results and the Datamaster maintenance records, were inadmissible because of "the failure of [MoDOT] to adopt the necessary rules and regulations to carry out its duties" under the BAP, and entered judgment in favor of Respondent. The trial court reasoned that MoDOT became responsible for developing and implementing the rules and regulations to administer the BAP after then-governor, Matt Blunt, signed Executive Order 07–05 in 2007 (the "2007 Order"). The 2007 Order began the transfer of this responsibility from DHSS to MoDOT. This appeal followed.

Director presents three points on appeal, all of which raise as error the trial court's exclusion of Respondent's breath test results and the maintenance records for the machine. We need only address the first point because it is dispositive. The first point asserts the trial court erroneously declared and applied the law because it excluded the evidence on the basis of the reorganization ordered by the 2007 Order that did not take place, and that DHSS remains the agency empowered to run the BAP.

In a court-tried case, we will review the judgment in accordance with *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We affirm the judgment unless there is insufficient evidence to support it, it is against the weight of the evidence, or it declares or applies the law erroneously. *Id.* at 32; *Bruce v. Department of Revenue*, 323 S.W.3d 116, 118 (Mo.App. W.D. 2010).

The trial court here misapplied or misdeclared the law in excluding the breath test results and maintenance records. The admissibility of the breath test results and maintenance records issue was recently presented to the Eastern District in *Schneider v. Director of Revenue*, 339 S.W.3d 533 (Mo.App. E.D.2011).

In *Schneider*, the appellant also challenged the admissibility of the breath alcohol test for a lack of compliance with the 2007 Order.

In a well-reasoned opinion, the Eastern District concluded that the language in effect in the 2007 Order did not require exclusion of the test results. The Court there determined: "The critical issue is the nature of the activities the Governor ordered DHSS and MoDOT to commence 'no sooner than August 28, 2007.'" *Schneider*, 339 S.W.3d at 536.

The opinion goes on to clarify:

Simply put, an executive order requiring two agencies "to cooperate to ... develop mechanisms and processes to effectively transfer" the operation of the BAP cannot be logically construed to immediately transfer the operation of the BAP on a certain date, as Schneider contends.

Consistent with the above-quoted language, none of the remaining provisions of the 2007 Order support a conclusion that DHSS's responsibility for the operation of the BAP transfer to MoDOT on a specific date. The 2007 Order also provides that DHSS and MoDOT are "to *cooperate to* ... transfer all the authori-

ty, powers, duties, functions, records, personnel, property, contracts, budgets, matters pending, and other vestiges of the BAP from DHSS to [MoDOT], by Type I transfer, as defined under the Reorganization Act of 1974."

*Id.* (footnote omitted).

The *Schneider* court explains this language does not mandate a specific date for the transfer of the operation, but simply directs DHSS and MoDOT to cooperate in the transfer so that a process is put in motion that maintains the continuity of the operation of the BAP. The Western District reached a similar result in *State v. Ross,* 344 S.W.3d 790 (Mo.App. W.D.2011).

Director's Point I is granted in that the trial court misapplied the law and erroneously declared that the reorganization ordered by the 2007 Order required the exclusion of the breath test results and maintenance records, which resulted in the exclusion of relevant evidence.

The judgment of the trial court is reversed. This case is remanded for further proceedings not inconsistent with this opinion.

SCOTT, C.J., and RAHMEYER, P.J., Concur.