Michael S. CARNEY, Petitioner–Respondent,

v.

DIRECTOR OF REVENUE, Respondent–Appellant.

No. SD 30625.

Missouri Court of Appeals,
Southern District,
Division Two.

May 23, 2011.

Motion for Rehearing or Transfer
Denied June 14, 2011.

Application for Transfer
Denied Aug. 30, 2011.

Chris Koster, Atty. Gen., Trevor Bossert, Asst. Atty. Gen., Jefferson City, MO, for Appellant.

Carl M. Ward, Washington, MO, for Respondent.

The Director of Revenue (Director) appeals from a judgment reinstating the driving privileges of Michael Carney (Carney). At trial, the court excluded the breath test results and Datamaster maintenance records because the Missouri Department of Transportation (MoDOT) had failed to adopt necessary rules and regulations to run the Breath Alcohol Program. The Director contends the trial court's exclusion of this evidence resulted from a misapplication of the law. We agree. The judgment reinstating Carney's driving privileges is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Carney was stopped for speeding on July 17, 2009 by the Highway Patrol. The trooper noted that Carney had bloodshot eyes and smelled strongly of alcohol. He performed poorly on field sobriety tests, and the portable breath test was positive for alcohol. Carney was arrested for driving while intoxicated and taken to the county jail. The trooper administered a breath alcohol test using a Datamaster machine. He completed the Datamaster checklist and certified that he administered the test according to the rules promulgated by the Department of Health and Senior Services. Carney had a .113 blood alcohol level. Carney was charged with driving while intoxicated and issued a notice of suspension.

Following an administrative hearing, Carney filed a petition for trial *de novo* in the Circuit Court of Camden County pursuant to § 302.535 RSMo Cum.Supp. (2009). The trial court excluded the breath test results and Datamaster maintenance records because MoDOT had failed to adopt the necessary rules and regulations to carry out its duties in administering the Breath Alcohol Program. The court entered a judgment reinstating Carney's driving privileges. This appeal followed.

The Director presents three points, but we need address only one. In Point I, the Director contends the trial court erred by excluding the breath test results and Datamaster maintenance records. The Director argues that the exclusion of this evidence resulted from the trial court's misapplication of the law. We agree.

The trial court's evidentiary ruling was based upon the legal conclusion that MoDOT became responsible for promulgating rules and regulations to administer the Breath Alcohol Program after Executive Order 07–05 was signed by then-Governor Matt Blunt in January 2007. For the reasons explained in *Schneider v. Director of Revenue*, 339 S.W.3d 533 (Mo.App.2011) and *State v. Ross*, 344 S.W.3d 790, (Mo. App.2011), the trial court's legal conclusion was in error. Because the trial court relied upon that erroneous legal conclusion to exclude relevant evidence at the trial *de novo*, the trial court misapplied the law to the Director's prejudice. *See Griggs v. Department of Revenue*, 344 S.W.3d 799 (Mo.App.2011). Point I is granted. Our holding renders Points II and III moot.

The judgment reinstating Carney's driving privileges is reversed. The cause is remanded for further proceedings consistent with this opinion.[1]

RAHMEYER, P.J., and FRANCIS, J., Concur.

---

1. Our opinion only addresses the specific reason given by the trial court for excluding the

blood alcohol test results during the trial *de novo*. If Carney has another ground for objecting to the admission of this evidence, the trial court will have the opportunity to address the issue on remand.