**Mary D. SALMON, Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

**No. WD 72920.**

Missouri Court of Appeals,
Western District.

June 30, 2011.

Trevor Bossert, for Appellant.

Brad L. Wooldridge, for Respondent.

Before Division Three: JOSEPH M. ELLIS, Presiding Judge, VICTOR C. HOWARD, Judge and THOMAS H. NEWTON, Judge.

JOSEPH M. ELLIS, Judge.

The Director of Revenue appeals from a judgment entered in the Circuit Court of Howard County reinstating the driving privileges of Mary Salmon, whose privileges had been suspended following her arrest for driving while intoxicated. For the following reasons, the judgment is reversed, and the cause is remanded for

---

further proceedings consistent with this opinion.

On October 9, 2009, at approximately 3:17 p.m., Sergeant B.J. Drummond of the Missouri State Highway Patrol was called to the scene of a non-injury accident on 240 Highway in Howard County. At the scene, Salmon told Sgt. Drummond that she had been driving her truck on the highway when the other driver involved in the accident attempted to pass her and struck her truck. Sgt. Drummond smelled a moderate odor of alcohol on Salmon's breath and noticed that her eyes appeared bloodshot and watery. When Sgt. Drummond asked Salmon how much she had been drinking, Salmon told him that she had consumed a beer earlier in the day. Salmon further stated that she had not had anything to drink since the accident. Based upon Salmon's performance on three field sobriety tests and a preliminary breath test that indicated the presence of alcohol on her breath, Sgt. Drummond placed her under arrest for driving while intoxicated.

Sgt. Drummond took Salmon to the county jail where he administered a breathalyzer test, which indicated that her blood alcohol level was .088%. Sgt. Drummond then issued Salmon a notice of suspension of her driving privileges.

After her suspension was upheld by the Director following an evidentiary hearing, Salmon filed a petition for trial *de novo* in the Circuit Court of Howard County. At trial, the Director submitted Sgt. Drummond's alcohol incident report into evidence. Salmon challenged the validity of the breathalyzer test, contending that Sgt. Drummond's certification to operate the breathalyzer test was invalid because it was issued by the Missouri Department of

Health and Senior Services ("DHSS") rather than the Missouri Department of Transportation ("MoDOT"). Salmon argued that the authority over the Breath Alcohol Program had been transferred from DHSS to MoDOT by Administrative Order 07–05, issued by Governor Matt Blunt in January 2007, and that DHSS did not have the authority to certify Sgt. Drummond at the time of Salmon's arrest.

After taking the case under advisement, on July 14, 2010, the circuit court entered a docket entry stating, in relevant part:

> Based on the evidence presented, the court finds that the [Director] has not sustained its burden to show that the breath test was administered by an operator holding the necessary permits to conduct said test from an agency authorized by law to issue said permits. The petition and sustained and the suspension and/or revocation of petitioner's driver's [sic] license is hereby set aside. Petitioner's atty [sic] to provide court w/proposed judgment.

**Judgment Entered**

**Judgment for:** MARY SALMON

**Judgment against:** DEPARTMENT OF REVENUE–DIRECTOR OF REVENUE

The trial court issued a written judgment on August 2, 2010, simply stating that the Director "failed to meet its [sic] burden of proof to sustain the revocation of [Salmon]'s driver's license" and ordering the Director to reinstate Salmon's driving privileges.

The Director brings three points on appeal, all claiming in some fashion that the trial court erred in excluding from evidence the breathalyzer test results.[1] The

---

1. Salmon has elected not to file a brief on appeal. "While there is no penalty for that omission, it requires this court to adjudicate [the appellant's] claims of error without the benefit of whatever argument, if any, [the respondent] could have made in response."

obvious, fundamental flaw with these arguments, as stated, is that *the evidence was admitted* at trial. The trial court subsequently found that, as a matter of law, the test results were not credible because Sgt. Drummond's certification to operate a breathalyzer had not been issued by MoDot. Accordingly, the actual issue before this court, and it is sufficiently clear from the Director's brief, is whether the trial court erred in finding, as a matter of law, that Sgt. Drummond's certification from DHSS was improper and that the breathalyzer test results were unreliable as a result.[2]

▇▇ Our review of the trial court's judgment reinstating driving privileges following an administrative suspension or revocation is, as in all court-tried cases, governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Bender v. Director of Revenue*, 320 S.W.3d 167, 169 (Mo.App. E.D.2010). "Thus, we will affirm the judgment of the trial court's decision to reinstate driving privileges if it is supported by substantial evidence, it is not against the weight of the evidence, and it does not erroneously declare or apply the law." *Id.*

In rendering its judgment in the case at bar, the trial court based its decision on a determination that Sgt. Drummond's certification to administer a breathalyzer test was invalid as a matter of law because it was issued by DHSS rather than MoDot.[3]

"This court reviews declarations of law *de novo.*" *Thomas v. Thomas*, 196 S.W.3d 57, 61 (Mo.App. W.D.2005).

The trial court's judgment was based upon a legal conclusion that MoDot became responsible for promulgating rules and regulations to administer the Breath Alcohol Program after Executive Order 07–05 was signed by then-Governor Matt Blunt in January 2007.[4] In reaching that conclusion, the trial court misstated and misapplied the law. *See State v. Ross*, No. WD71872, 344 S.W.3d 790, 2011 WL 1842719, at *3–4 (Mo.App. W.D.2011); *Schneider v. Director of Revenue*, 339 S.W.3d 533 (Mo.App.E.D.2011); *Downs v. Director of Revenue*, 344 S.W.3d 818, 2011 WL 2037671 (Mo.App. S.D.2011); *Carney v. Director of Revenue*, 344 S.W.3d 802, 2011 WL 1962033 (Mo.App. S.D.2011). "Executive Order 07–05 on its effective date did not result in an immediate transfer of BAP-related authority from DHSS to MoDOT. The order merely authorized the process of the transfer, which was never fully implemented by the agencies." *Ross*, 344 S.W.3d at 794, 2011 WL 1842719, at *3–4. Indeed, control over the blood alcohol program was never transferred from DHSS to MoDOT due to subsequent executive orders rescinding Executive Order 07–05. *See Id.*; *Schneider*, 339 S.W.3d 533; *Downs*, 344 S.W.3d 818, 2011 WL 2037671; *Carney*, 344 S.W.3d 802, 2011 WL 1962033.

*White v. Director of Revenue,* 255 S.W.3d 571, 576 (Mo.App. S.D.2008).

2. It is clear from the record that the trial court intended to base its judgment upon the findings and conclusions stated in the Judgment docket entry, and, therefore, we will review those findings and conclusions on appeal. *See Badovinatz v. Brown*, 192 S.W.3d 445, 449 (Mo.App. S.D.2006); *Hammarstrom v. Samsel*, 114 S.W.3d 889, 892 (Mo.App. S.D. 2003).

3. The record contains Sgt. Drummond's certification from DHSS, and Salmon's argument at trial conceded that he was so certified and rested solely upon her contention that DHSS was not authorized by law to certify anyone.

4. The history surrounding Executive Order 07–05 and subsequent executive orders reversing it are set forth in greater detail in *State v. Ross*, 344 S.W.3d at 791–93, 2011 WL 1842719, at *1–2 (Mo.App.W.D.2011).

Since the record contains documents issued by DHSS certifying Sgt. Drummond as a breathalyzer operator at the time of Salmon's arrest and Salmon's argument at trial conceded that Sgt. Drummond was certified by DHSS, the trial court's finding that the Director failed to prove that Sgt. Drummond was certified by the appropriate agency is erroneous as a matter of law. Because the trial court erroneously rejected the breathalyzer results as a result of that misstatement and misapplication of the law, we reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

All concur.