**Kristopher R. BESS, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. SD 30805.**

Missouri Court of Appeals,
Southern District,
Division Two.

July 28, 2011.

---

11. The State maintains that it did disclose the charges against Poole.

Trevor Steven Bossert, Jefferson City, MO, for Appellant.

Timothy R. Cisar, Lake Ozark, MO, for Respondent.

ROBERT S. BARNEY, Judge.

The Director of Revenue ("the Director") appeals from a judgment entered by the trial court which reinstated the

driving privileges of Kristopher R. Bess ("Driver"). In her sole point relied on the Director maintains the trial court erred in reinstating Driver's driving privileges, which had been revoked due to his refusal to submit to a breath test, "based on the alleged failure of [the Missouri Department of Transportation ("MoDOT") ] to promulgate regulations because the revocation was proper, in that the stipulated evidence established that [Driver] was arrested with reasonable grounds to believe that he was driving while intoxicated and that he refused the test."

The record reveals that Driver was arrested by "Officer Donna Ford of the Camden County Sheriff's Department" on March 11, 2010, for driving while intoxicated, a violation of section 577.010, RSMo 2000. At that time Driver refused to submit to a chemical test of his blood for alcohol and his license was automatically revoked for one year by the Director. *See* §§ 577.020, RSMo Cum.Supp.2006, and 577.041, RSMo Cum.Supp.2009.

On March 26, 2010, Driver filed his "Petition to Review [of] Revocation of Driver's License and Application for Stay Order" in which he alleged he was not properly arrested; there were no reasonable grounds to believe he had been driving while intoxicated; he did not refuse to submit to the breath test; and the request to submit to the breath test and the ramifications of his rejection of that request were not properly explained to him. He asked for reinstatement of his driving privileges as well as a stay on his pending revocation until a hearing on the matter could be held.[1]

On June 30, 2010, Driver filed a motion objecting to the "admission of any evidence

related to [Driver's] alleged 'refusal' to submit to a breath test...." In this motion, Driver maintained that in January of 2007, then Governor Matt Blunt "signed Executive Order 07–05, which transferred, among other things, all authority, power, duties, and functions relating to the Breath Alcohol Program [ ("BAP") ] from the Missouri Department of Health and Senior Services [ ("MDHSS") ] ... to [MoDOT]." He asserted that after this transfer was made MoDOT was required to "approve satisfactory techniques, devices, equipment, or methods related to breath alcohol testing ...," "establish standards to ascertain the qualifications and competence of individuals to conduct breath alcohol testing analyses and to issue permits ...," and enact rules and regulations. Driver alleged MoDOT failed to take any of these required measures and consequently Driver "was under no obligation to submit to an unauthorized breath test on an unapproved instrument administered and maintained by unauthorized persons" in that the arresting officer was not guided by any rules promulgated by MoDOT. Citing to *State v. Peters,* 729 S.W.2d 243, 245 (Mo. App.1987),[2] Driver contends MoDOT's failure to promulgate "its own rules and regulations pertaining to the [BAP]" caused Driver to be "under no obligation to take a breath alcohol test in the first place, and [Driver's] driver[']s license cannot be subject to the sanction of [section 577.041, RSMo Cum.Supp.2009]." He argued that his revocation should "be set aside."

A hearing was held on Driver's petition and motion on June 30, 2010. The following occurred at this brief hearing:

1. The trial court "decline[d] to sign the stay order."

2. In *Peters,* 729 S.W.2d at 245–46, this Court affirmed the suppression of evidence of a blood alcohol test taken from a motorist,

where theretofore MDHHS had failed to issue regulations regarding approved methods for determining blood alcohol content from blood samples.

THE COURT: My understanding, the real issue in this case is a legal issue.

COUNSEL FOR DRIVER: That's correct, Your Honor.

THE COURT: I have before me [Driver's] objection to the admission of any evidence related to [Driver's] alleged refusal to submit to a breath test and a memorandum of law in support thereof. My understanding, this case is being submitted on the record?

COUNSEL FOR THE DIRECTOR: Yes, Your Honor.

COUNSEL FOR DRIVER: On the— On the motion. Yes, Your Honor. Please.

THE COURT: Okay. Well—Well, do we agree that this Court should review [Driver's] objections? If those objections are overruled—

COUNSEL FOR THE DIRECTOR: We stipulate to the facts in the report—

THE COURT:—is the—is [Driver] then stipulating that Exhibit A, which is the [Director's] certification of evidence, is admissible?[3]

COUNSEL FOR DRIVER: Yes, Your Honor, it is.

THE COURT: Okay.

COUNSEL FOR DRIVER: For [Driver].

THE COURT: Which is Exhibit A.

COUNSEL FOR DRIVER: Yes, sir.

THE COURT: Okay. [Counsel for the Director], do you need some time to respond to [Driver's] objections to—

COUNSEL FOR THE DIRECTOR: Yes, Your Honor. Fifteen days, please.

THE COURT: Fifteen days. Court grants the Director ... 15 days to respond, at which time case will be deemed submitted.

With that, we're off the record.

Following the hearing, it appears the Director timely filed her response to Driver's objections.[4] Thereafter, on July 21, 2010, the trial court entered its "Judgment" as follows:

[t]his case was submitted to the [trial court] and after considering [Driver's] objection to the admission of the maintenance report and breath test results finds that said maintenance report and breath test should not be admitted.

As pointed out by [Driver] in his objection to the maintenance report and breath test results, the Governor of the State of Missouri on January 30, 2007[,] signed an executive order which transferred all the authority, power, duties, functions, records, personnel, property, contracts, budgets, matter spending and other pertinent [duties] of [MDHSS] to [MoDOT]. This [c]ourt finds that said executive order was a valid order and became effective on August 28, 2007. In spite of attempts to invalidate said order, said order was in effect at all relevant times herein. At all relevant times the authority for the [BAP] complied with Mo[DOT]. Mo[DOT] has failed to adopt the necessary rules and regulations to carry out it's duties under said program.

---

3. A certified copy of Exhibit A appears in the legal file and contains the following documents: a copy of Driver's "MISSOURI DRIVER RECORD;" a copy of a "FORM 4323" entitled "REFUSAL TO SUBMIT TO ALCOHOL/DRUG CHEMICAL TEST NOTICE OF REVOCATION OF YOUR DRIVING PRIVILEGE 15 DAY DRIVING PERMIT" and signed by Driver; a copy of the Alcohol Influence Report ("AIR") prepared by the arresting officer; and a copy of the "Offense / Incident Report" prepared by the arresting officer.

4. A copy of this document was not included in the legal file prepared by the Director.

This [c]ourt finds the same principle applicable in *State v. Peters[,* 729 S.W.2d 243] (Mo.App.1987) are applicable in this case. Due to the failure of Mo[DOT] to adopt the necessary rules and regulations to carry out its duties under said program during the relevant period of time, said [blood alcohol content] test was given to [Driver], neither the maintenance report nor the relevant BAC machine breath test result of [Driver] are admissible. Court enters Judgment for [Driver].

The trial court then reinstated Driver's driving privileges and this appeal by the Director followed.

■ On appeal, the judgment of the trial court will be affirmed unless there is no substantial evidence to support it, the judgment is against the weight of the evidence, or the trial court erroneously declared or applied the law. *White v. Dir. of Revenue,* 321 S.W.3d 298, 307 (Mo. banc 2010). "In reviewing a particular issue that is contested, the nature of the appellate court's review is directed by whether the matter contested is a question of fact or law." *Id.* at 308. In matters such as the present one, where the issue is solely one of law, "there is no finding of fact to which to defer." *Id.*

As previously related, in her sole point relied on the Director takes issue with the trial court's reinstatement of Driver's driving privileges based on the trial court's reasoning that MoDOT failed to promulgate rules and regulations when MDHSS transferred all of its authority in this area to MoDOT as required by executive order. Quoting *Schneider v. Dir. of Revenue,* 339 S.W.3d 533, 536–38 (Mo.App. E.D.2011), the Director argues Executive Order 07–05 did not transfer the BAP to MoDOT, but instead ordered MDHSS and MoDOT "to cooperate" to effect an orderly transition of the BAP without interrupting its

operations. The Director then goes on to cite to *State v. Ross,* WD 71872, 344 S.W.3d 790 (Mo.App. W.D.2011), for the proposition that the transfer from MDHSS to MoDOT was never fully implemented such that it never became effective. The Director maintains that because the transfer did not take place, MDHSS remains the agency empowered to run the BAP, which includes issuing permits to law enforcement officers to operate and maintain breath alcohol testing instruments. *See also Griggs v. Dir. of Revenue,* SD 30875, 2011 WL 1936029 at *2 (Mo.App. S.D. May 20, 2011).

■ In trial court proceedings for the review of a driver's license revocation pursuant to section 577.041, RSMo Cum.Supp. 2009, the trial court's inquiry is specifically limited to three issues: whether the person was arrested or stopped; whether the officer had reasonable grounds to believe that the driver was driving while in an intoxicated or drugged condition; and whether the driver refused to submit to a chemical test. § 577.041.4(1)–(3), RSMo Cum.Supp.2009. "If the court determines any issue not to be in the affirmative, the court shall order the [D]irector to reinstate the license . . . ." § 577.041.5, RSMo Cum.Supp.2009; *see Zummo v. Dir. of Revenue,* 212 S.W.3d 236, 241 (Mo.App. 2007).

■ In reviewing cases involving the revocation of driving privileges, all three districts of the Missouri Court of Appeals have recently addressed the issue dealing with the purported failure of MoDOT to promulgate rules and regulations in alleged violation of the 2007 executive order signed by Governor Blunt. Uniformly they have held that the executive order at issue did not require exclusion of breath test results as the executive order merely directed MDHSS and MoDOT "to cooperate" in maintaining the continuity of the

operation of the BAP. *Schneider*, 339 S.W.3d 536.[5] Saliently, the *Schneider* court found the language of the 2007 Order described what was to be transferred to the new department or division, not *when* the transfer was to occur. *Id.*

■ Furthermore, unlike in *Schneider* and its progeny of cases, where all of the drivers submitted to a breathalyzer test, here, Driver *did not* submit to a breath test. Indeed, the parties stipulated that Driver "said he would not take the breath test." Accordingly, due to his refusal to submit to the breath test no test results or relevant maintenance reports existed to be introduced into evidence. As the Director points out, when a driver refuses the test, it is none of the driver's concern whether the test would have been valid if given. Missouri courts have repeatedly held that in a refusal case the Director does not have to prove that the results of the breath test would have otherwise been admissible had the driver submitted to the test. *Fredrickson v. Dir. of Revenue*, 55 S.W.3d 460, 464–65 (Mo.App. 2001); *Fischbeck v. Dir. of Revenue*, 91 S.W.3d 699, 701–02 (Mo.App.2002). Nor does the Director have to prove that the arrest was lawful, *Mason v. Dir. of Revenue*, 321 S.W.3d 426, 428 (Mo.App.2010); that the officer had a valid Type III permit, *Burk v. Dir. of Revenue*, 71 S.W.3d 686, 687–88 (Mo.App.2002); or that the instruments had been properly maintained, *Orr v. Dir. of Revenue*, 54 S.W.3d 201, 202 (Mo.App.2001). Here, the trial court misapplied the law in rendering its judgment. The Director's point has merit.

We reverse the judgment and remand for further proceedings not inconsistent with this opinion.

BATES and SCOTT, JJ., Concur.

---

**5.** *See also Downs v. Dir. of Revenue*, 344 S.W.3d 818 (Mo.App.S.D.2011); *Carney v. Dir. of Revenue*, 344 S.W.3d 802 (Mo.App.S.D. 2011); *Griggs v. Dir. of Revenue*, 344 S.W.3d 799 (Mo.App.S.D.2011); *Grafeman v. Dir. of Revenue*, 344 S.W.3d 862 (Mo.App.W.D.2011); *Salmon v. Dir. of Revenue*, 343 S.W.3d 723 (Mo.App.W.D.2011); *State v. Ross*, 344 S.W.3d 790 (Mo.App.W.D.2011). The Supreme Court of Missouri has denied applications to transfer in all of the aforementioned cases, including *Schneider* and *Griggs*.