**Jared Scott MOORE, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. WD 73042.**

Missouri Court of Appeals,
Western District.

Nov. 8, 2011.

Chris Koster, Attorney General, Trevor Steven Bossert and Jonathan H. Hale, Special Assistant Attorneys General, Jefferson City, MO, for Appellant.

Scott C. Hamilton, Lexington, MO, for Respondent.

Before Division Two: MARK D. PFEIFFER, Presiding Judge, VICTOR C. HOWARD, Judge and JAMES EDWARD WELSH, Judge.

VICTOR C. HOWARD, Judge.

The Director of Revenue appeals the judgment of the trial court reinstating the driving privileges of Jared Moore. The Director contends that the trial court erroneously declared and applied the law in excluding from evidence the Datamaster breath test results and maintenance reports. The judgment is reversed, and the case is remanded.

On December 13, 2009, Moore was arrested for driving while intoxicated and submitted to a breath alcohol test, which indicated that his blood alcohol content (BAC) was .170. Deputy Leland Liese administered the test and certified that he did so according to the rules promulgated by the Missouri Department of Health and Senior Services (DHSS). Deputy Liese held a Type III permit issued by DHSS on March 16, 2009, authorizing him to operate the Datamaster breathalyzer. A maintenance check of the breathalyzer had last been conducted on November 14, 2009, by Trooper J.C. Utz. Trooper Utz held a Type II permit issued by DHSS on September 22, 2009, authorizing him to perform such inspections. Based on the results of the breath test, the Director suspended Moore's driver's license.

Moore filed a petition for trial de novo in the circuit court. At trial, the court excluded the Datamaster's test results and maintenance records because Executive Order 07–05, signed by then-Governor Matt Blunt in 2007, transferred the responsibility and authority for the Breath Alcohol Testing Program (BAP) from DHSS to the Missouri Department of Transportation (MoDOT) effective August 28, 2007, the permits issued to Deputy Liese and Trooper Utz to operate and maintain the breathalyzer were issued by the DHSS after August 28, 2007, and MoDOT had failed to adopt any rules or regulations pertaining to the Program. The trial court entered judgment reinstating Moore's driving privileges. This appeal by the Director followed.

In a court-tried case, the trial court's judgment will be affirmed on appeal if it is supported by substantial evidence, it is not against the weight of the evidence, and it does not erroneously declare or apply the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976); *Salmon v. Dir. of Revenue,* 343 S.W.3d 723, 725 (Mo.App. W.D. 2011). The appellate court reviews declaration of law *de novo. Salmon,* 343 S.W.3d at 725.

In the sole point on appeal, the Director contends that the trial court erroneously declared and applied the law in excluding from evidence the Datamaster breath test results and maintenance reports. The trial court's evidentiary ruling was based on the legal conclusion that MoDOT became responsible for promulgating rules and regulations to administer BAP after Executive Order 07–05 was signed by then-Governor Matt Blunt in 2007.[1] This legal conclusion, however, has been recently rejected in all three districts of this court. *See Salmon v. Dir. of Revenue,* 343 S.W.3d 723, 725–26 (Mo.App. W.D.2011); *Grafeman v. Dir. of Revenue,* 344 S.W.3d 861, 864 (Mo.App. W.D.2011); *Downs v. Dir. of Revenue,* 344 S.W.3d 818, 821–22 (Mo.App. S.D.2011); *Carney v. Dir. of Revenue,* 344 S.W.3d 802, 803 (Mo.App. S.D.2011); *Griggs v. Dir. of Revenue,* 344 S.W.3d 799, 801–02 (Mo.App. S.D.2011); *State v. Ross,*

---

1. The history of Executive Order 07–05 and subsequent executive orders reversing it are set out in greater detail in *State v. Ross,* 344 S.W.3d 790, 792–93 (Mo.App. W.D.2011).

344 S.W.3d 790, 793–94 (Mo.App. W.D. 2011); *Schneider v. Dir. of Revenue,* 339 S.W.3d 533, 535–39 (Mo.App. E.D.2011). " 'Executive Order 07–05 on its effective date did not result in an immediate transfer of BAP-related authority from DHSS to MoDOT. The order merely authorized the process of the transfer, which was never fully implemented by the agencies.' " *Salmon,* 343 S.W.3d at 725 (quoting *Ross,* 344 S.W.3d at 794). "Indeed, control over the blood alcohol program was never transferred from DHSS to MoDOT due to subsequent executive orders rescinding Executive Order 07–05." *Id.*

On the day of Moore's arrest, Deputy Liese held a DHSS-issued Type III permit authorizing him to operate the breathalyzer used to test Moore's blood alcohol content and Trooper Utz held a DHSS-issued Type II permit authorizing him to maintain that device. That the officers' permits were issued by DHSS rather than MoDOT and that MoDOT did not promulgate its own BAP rules did not require the exclusion of the Datamaster breath test results and maintenance reports as a matter of law. The trial court misapplied the law in excluding the relevant evidence. The judgment of the trial court reinstating Moore's driving privileges is reversed, and the case is remanded for further proceedings consistent with this opinion.

All concur.