**Thomas Patrick IRWIN, Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

No. ED 94577.

Missouri Court of Appeals, Eastern District, Division Four.

April 10, 2012.

Jonathan H. Hale, Assistant Attorney General, Jefferson City, MO, for appellant.

Robert S. Adler, St. Louis, MO, for respondent.

PATRICIA L. COHEN, Presiding Judge.

## Introduction

The Director of Revenue appeals the judgment of the Circuit Court of St. Louis County reinstating the driving privileges of Thomas Irwin (Driver). We reverse and remand.

## Factual and Procedural Background

Following a June 15, 2008 arrest for driving while intoxicated (DWI), the Director suspended Driver's driving privileges. Driver filed a petition for a trial de novo in the Circuit Court of St. Louis County to review the license suspension.

At the beginning of the trial on January 8, 2010, the Director presented as evidence the results of Driver's breath test results and related records. Driver objected to the admission of the breath test results, contending that the breath test was improperly administered by a police officer whose certification to operate the equipment was issued by the Missouri Department of Health and Senior Services (DHSS) after a 2007 executive order (2007 Order) had transferred authority over the Breath Alcohol Program (BAP) from the DHSS to the Missouri Department of Transportation (MoDOT). The trial court stated that it would take Driver's objections with the case.

The Director presented the testimony of Officer Christopher Ayres. Officer Ayres stated that, on the night of June 15, 2008, he stopped Driver because he had observed Driver run a red light, swerve over the center line, and fail to use a turn signal. When Officer Ayres approached Driver's vehicle, he detected a moderate odor of alcohol and observed that Driver's eyes were bloodshot. Driver acknowledged that he had been drinking and offered to park his car and ask a friend for a ride home. Officer Ayres administered to Driver three field sobriety tests: horizontal gaze nystagmus test, walk and turn test, and one-leg stand test. Driver failed elements of all three tests. Officer Ayres also administered a preliminary breath test, which was positive for alcohol. Officer Ayres testified that, based upon the field sobriety tests, preliminary breath test, and his personal observations, he formed the opinion that Driver was intoxicated and arrested him.

Subject to Driver's earlier objection, Officer Ayres testified that, at the police station, he administered to Driver the breath test, which registered a blood alcohol content of .089 percent. Officer Ayres stated that, at the time he administered the breath test, he held a permit from the DHSS authorizing him to operate the breath test equipment, he followed the required checklist when he administered the test, and the equipment was functioning properly. Driver testified at trial and presented as an expert witness Dr. Terry Martinez, who testified about the reliability of field sobriety tests, his pharmacokinetic calculations of Driver's BAC, and the margin of error of the BAP breath test equipment.

The trial court entered its judgment and order on February 9, 2010. In its judgment, the trial court sustained Driver's objection to the admission of his breath test results and explained that the breath test results were inadmissible because, at the time Driver took the test, DHSS did not have the authority to administer the

BAP.[1] Having found that Driver's breath test results were inadmissible, the trial court held that the Director had "failed to establish [Driver] had a blood alcohol content of .08% or higher," and it ordered the Director to remove Driver's administrative suspension ·or revocation and reinstate his driving privileges. The Director appeals.

## Standard of Review

Our review of the trial court's judgment reinstating driving privileges following an administrative suspension or revocation is, as in all court-tried cases, governed by *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). *White v. Dir. of Revenue,* 321 S.W.3d 298, 307–08 (Mo. banc 2010). "Thus, we will affirm the trial court's decision to reinstate driving privileges if it is supported by substantial evidence, it is not against the weight of the evidence, and it does not erroneously declare or apply the law." *Scheumbauer v. Dir. of Revenue,* 350 S.W.3d 868, 870 (Mo. App. E.D.2011). This court reviews declarations of law *de novo. Moore v. Dir. of Revenue,* 351 S.W.3d 286, 287 (Mo.App. W.D.2011).

## Discussion

In her point on appeal, the Director claims the trial court erred in excluding the breath test results and maintenance records because it erroneously declared and applied the law. Specifically, the Director contends that, because the transfer of authority over the BAP mandated by the 2007 Order did not occur, the DHSS remained the agency empowered to the run the Blood Alcohol Program. Thus, the Director argues that the trial court should have admitted Driver's breath test results as evidence that he was driving with a BAC in excess of the legal limit and upheld the suspension of his license.[2]

The Director has the burden of establishing a *prima facie* case for suspension of a driver's license by presenting evidence that, at the time of the arrest: (1) the driver was arrested on probable cause for violating an alcohol-related offense; and (2) the driver's BAC exceeded the legal limit of .08 percent. Mo.Rev.Stat. § 302.505.1; *see also White,* 321 S.W.3d at 309 n. 11. The burden is on the Director to establish grounds for the revocation by a preponderance of the evidence. Mo.Rev. Stat. § 302.535.1; *Vernon v. Dir. of Revenue,* 142 S.W.3d 905, 909 (Mo.App. S.D. 2004).

To establish that the driver's BAC exceeded the legal limit, the Director may introduce evidence of a breathalyzer test.

1. The trial court's judgment states, in pertinent part:

   This transfer [of regulatory authority over the BAP to MoDOT] was in effect until August 28, 2009. The breath test was administered on June 15, 2008 during the time the Blood Alcohol Program regulation was with the Missouri Department of Transportation and not with the Missouri Department of Health and Senior Services. Therefore, the Court sustains the Petitioner's objection to the breath test, and finds that Respondent has failed to establish Petitioner had a blood alcohol content of .08% or higher.

2. Driver argues that, despite the trial court's misapplication of the law, we should affirm the reinstatement of his driving privileges because the record on appeal demonstrates there was no probable cause to arrest Driver for driving while intoxicated and the Director failed to prove that Driver's BAC at the time of arrest was .08 percent or greater. In light of our decision to remand this case, we decline to address Driver's arguments. Remand for further proceedings is appropriate where the trial court excludes breath test results "based on the legal conclusion that MoDOT became responsible for promulgating rules and regulations to administer BAP after Executive Order 07–05 was signed by then-Governor Matt Blunt in 2007." *Moore,* 351 S.W.3d at 287–88.

*White v. Dir. of Revenue,* 227 S.W.3d 532, 534 (Mo.App. E.D.2007). "To establish a prima facie foundation for the admission into evidence of the results of a breathalyzer test, the Director must establish the test was performed: (1) following the approved techniques and methods of the division of health, (2) by an operator holding a valid permit, (3) on equipment and devices approved by the division." *Id.* (quotation omitted).

In the instant case, the trial court sustained Driver's objection to admission of his breath test results on the grounds that Officer Ayres' permit to administer the breath test was not properly issued by MoDOT pursuant to the 2007 Order. As a result, the trial court found that the Director failed to prove that Driver's BAC exceeded the legal limit of .08 percent. Following the trial court's ruling, this court held that permits to operate breath test machines issued by the DHSS are valid and the test results are admissible in proceedings to suspend a motorist's driver's license. *Scheumbauer,* 350 S.W.3d at 871 (*citing Schneider v. Dir. of Revenue,* 339 S.W.3d 533, 534 (Mo.App. E.D.2011); *see also Grafeman v. Dir. of Revenue,* 344 S.W.3d 861 (Mo.App. W.D.2011); *Downs v. Dir. of Revenue,* 344 S.W.3d 818 (Mo.App. S.D.2011)). We therefore conclude that the trial court erroneously applied the law in upholding Driver's objection to admission of his breath test results.

### Conclusion

The judgment reinstating Driver's driving privileges is reversed. The cause is remanded for further proceedings consistent with this opinion.

GLENN A. NORTON and ROBERT M. CLAYTON III, JJ., concur.