Martha Wurtsbaugh **WEGMANN,**
**Respondent,**

v.

**DIRECTOR OF REVENUE, State
of Missouri, Appellant.**

No. ED 95301.

Missouri Court of Appeals,
Eastern District,
Division One.

April 24, 2012.

Samuel Edward Buffaloe, Jefferson
City, MO, for Appellant.

Robert Stephen Adler, St. Louis, MO,
for Respondent.

ROY L. RICHTER, Judge.

The Director of Revenue for the State of
Missouri ("Director") appeals from the
judgment of the Circuit Court of St. Louis
County setting aside the revocation of the
driving privileges of Martha Wegmann
("Wegmann"). We reverse and remand.

## I. BACKGROUND

On May 17, 2009, Officer Brett Lock-
wood ("Officer Lockwood") of the Fronte-
nac Police Department stopped Wegmann
after observing her fail to drive within a
single lane of traffic. As Officer Lock-
wood approached the vehicle and began
speaking with Wegmann, he noticed a
strong smell of alcohol and observed that
Wegmann's eyes were watery and blood-
shot and her speech slurred. Officer
Lockwood then asked Wegmann to exit
her vehicle to perform three field sobriety
tests: the horizontal gaze nystagmus test,
the walk-and-turn test, and the one-leg
stand test. Wegmann subsequently failed
elements of each test. Based on his obser-
vations, Officer Lockwood arrested Weg-
mann for driving while intoxicated
("DWI") and transported her to the
Frontenac police station.

At the station, Wegmann agreed to a
blood alcohol analysis, which was per-
formed by Officer Lockwood utilizing an
Intoxilyzer 5000, a breath alcohol testing
machine. Wegmann registered .103%
blood alcohol content ("BAC"). After the
analysis, Officer Lockwood completed the
Intoxilyzer checklist and certified he was
authorized to operate the machine and that

the test was performed in accordance with the rules promulgated by the Missouri Department of Health and Senior Services ("DHSS"). Officer Lockwood then signed and completed an Alcohol Influence Report, outlining all of his observations and test results, and issued Wegmann a "Notice of Suspension/Revocation of Your Driving Privilege" pursuant to Section 302.505 RSMo Cum.Supp.2009.[1] Wegmann was charged with DWI and failure to drive within a single lane.

Following an administrative hearing in which Wegmann's suspension was upheld, Wegmann filed a "Petition for Trial De Novo" in the Circuit Court of St. Louis County. The case was heard before a traffic commissioner on January 13, 2010, and, in accordance with Section 302.530, the commissioner determined by a preponderance of the evidence that Officer Lockwood had probable cause to arrest Wegmann for DWI and that Wegmann had a BAC of at least .08%. As a result, the commissioner sustained the Director's suspension of Wegmann's driving privileges.

Wegmann then filed a "Motion for Rehearing before a Circuit Judge." In her motion, Wegmann argued that Officer Lockwood lacked probable cause to arrest her for DWI and that the Director failed to prove her BAC. Specifically, Wegmann maintained that Executive Order 07–05 (the "2007 Order"), issued by Governor Matt Blunt in January 2007, transferred the authority to administer the Missouri Breath Alcohol Program ("BAP") from DHSS to the Missouri Department of Transportation ("MoDOT"), thus invalidating the DHSS permits and procedures utilized in Wegmann's breath test. The Motion for Rehearing was granted, but only "based on [the] executive order argument."

Wegmann reasserted her argument to the trial court, alleging that both her breath test results and the maintenance report of the Intoxilyzer machine were inadmissible due to the 2007 Order. The Director argued in reply that the 2007 Order did not immediately transfer authority over the BAP, but merely set out that DHSS and MoDOT must "cooperate" to "develop mechanisms and processes necessary to effectively transfer" the BAP. On June 24, 2010, the trial court ruled that the breath test results were inadmissible for the reasons outlined by Wegmann and, consequently, entered judgment ordering the Director to reinstate Wegmann's driving privileges. This appeal follows.

## II. DISCUSSION

■ Our review of a driver's license suspension or revocation is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Thus, we will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Bender v. Dir. of Revenue*, 320 S.W.3d 167, 169 (Mo. App. E.D.2010) (citing *Murphy*, 536 S.W.2d at 32).

■ In her sole point on appeal, the Director argues the trial court erroneously declared and applied the law in excluding the test results and maintenance records because the transfer begun by the 2007 Order did not take place and, therefore, DHSS retained its power to administer the BAP.[2] At the same sitting of this Court, we

---

1. All statutory references are to RSMo Cum. Supp.2009, unless otherwise indicated.

2. In her brief to this Court, the Director also argues that Officer Lockwood had probable cause for the arrest. In light of our decision

to remand this case, we decline to address this issue. It is appropriate to remand for further proceedings where the trial court excludes breath test results "based on the legal conclusion that MoDOT became responsible

decided this identical issue in the case of *Safron v. Director of Revenue*, No. ED 95300 (Mo.App. E.D. April 17, 2012), and for the same reasons set forth in that opinion, the judgment of the trial court is reversed and remanded.

Point granted.

## III. CONCLUSION

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

CLIFFORD H. AHRENS, P.J. and GARY M. GAERTNER, JR., J., concur.

for promulgating rules and regulations to administer BAP after Executive Order 07–05 was signed by then-Governor Matt Blunt in

2007." *Moore v. Dir. of Revenue,* 351 S.W.3d 286, 287–88 (Mo.App. W.D.2011).