**Mark Neil SCHEUMBAUER, Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

**No. ED 96036.**

Missouri Court of Appeals, Eastern District, Division Four.

Oct. 25, 2011.

---

Trevor S. Bossert, Jonathan Hale, Jefferson City, MO, for Appellant.

John A. Bouhasin, St. Louis, MO, for Respondent.

ROBERT M. CLAYTON III, Judge.

The Director of Revenue ("DOR") appeals from a judgment entered in the Circuit Court of St. Louis County reinstating the driving privileges of Mark Scheumbauer, whose privileges had been suspended following his arrest for driving while intoxicated. We reverse and remand.

## I. BACKGROUND

On January 28, 2010, Missouri State Trooper Croft stopped Mark Scheumbauer for speeding. When Trooper Croft approached the vehicle, he observed that Scheumbauer was not wearing his seat belt and that Scheumbauer's speech was slurred and his eyes were watery and bloodshot. Additionally, Trooper Croft detected a strong odor of intoxicants coming from inside the vehicle.

Trooper Croft asked Scheumbauer to accompany him to the patrol car, noticing that Scheumbauer swayed while he walked. Trooper Croft then administered the horizontal gaze nystagmus test, the walk and turn test, the one leg test and the preliminary breath test to Scheumbauer. After the tests, Trooper Croft arrested Scheumbauer and took him to the Arnold Police Department.

At the police station, Trooper Croft read Scheumbauer the Missouri Implied Consent law and *Miranda* warning.[1] Scheumbauer's breath registered a .100% blood alcohol content ("BAC"). Trooper Croft then issued Scheumbauer a notice of suspension of his driving privileges.

The DOR upheld the suspension of Scheumbauer's license at an evidentiary hearing. Scheumbauer filed a petition for a trial *de novo* in the Circuit Court of St. Louis County to contest the suspension. At trial, the DOR submitted Trooper Croft's alcohol incident report into evidence. Scheumbauer challenged the validity of the breathalyzer test, contending that Trooper Croft's certification to operate the breathalyzer test was invalid because it was issued by the Missouri Department of Health and Senior Services ("DHSS") rather than the Missouri Department of Transportation ("DOT").

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Scheumbauer argued that the authority over the breath alcohol program had been transferred from DHSS to DOT by Executive Order 07–05,[2] issued by Governor Matt Blunt in January 2007, and DHSS did not have the authority to certify Trooper Croft at the time of Scheumbauer's arrest.

On November 8, 2010, the trial court entered judgment for Scheumbauer, holding that after Executive Order 07–05 became effective, the DHSS no longer had the regulatory authority regarding the breath alcohol testing program. As a result, the trial court excluded the result of Scheumbauer's breath test. Although the trial court found there was probable cause to arrest Scheumbauer, it held that the DOR failed to establish that Scheumbauer had a BAC in excess of the legal limit, and ordered the reinstatement of his driving privileges. The DOR now appeals.

## II. DISCUSSION

### A. Standard of Review

■ Our review of the trial court's judgment reinstating driving privileges following an administrative suspension or revocation is, as in all court-tried cases, governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Bender v. Dir. of Revenue*, 320 S.W.3d 167, 169 (Mo. App. E.D.2010). Thus, we will affirm the trial court's decision to reinstate driving privileges if it is supported by substantial evidence, it is not against the weight of the evidence, and it does not erroneously declare or apply the law. *Id.*

### B. Exclusion of Breath Test Result

■ In her sole point on appeal, the DOR claims the trial court erred in excluding the breath test result because it erroneously declared and applied the law. Specifically, the DOR contends that the reorganization ordered by the 2007 Executive Order did not occur and therefore, the DHSS remains the agency empowered to manage the breath alcohol program.[3] Thus, she argues that the result of Scheumbauer's BAC should have been admitted as evidence that he was driving with a blood alcohol content in excess of the legal limit and the suspension of his license should have been upheld.

2. The 2007 Order provides in pertinent part: NOW, THEREFORE, I, MATT BLUNT, GOVERNOR OF THE STATE OF MISSOURI, ... do hereby order the Missouri Department of Health and Senior Services and the Missouri Department of Transportation *to cooperate to:*
1. Transfer all the authority, powers, duties, functions, records, personnel, property, contracts, budgets, matters pending, and other vestiges of the Breath Alcohol Program from the Missouri Department of Health and Senior Services to Missouri Department of Transportation, by Type I transfer, as defined under the Reorganization Act of 1974; and
2. Develop mechanisms and processes necessary to effectively transfer the Breath Alcohol Program to the Missouri Department of Transportation; and

3. Transfer the responsibility for staff support for the Breath Alcohol Program from the Missouri Department of Health and Senior Services to the Missouri Department of Transportation; and
4. Take the steps necessary to maintain compliance with federal requirements, so as not to jeopardize federal financial participation with this consolidation.

3. Scheumbauer has elected not to file a brief on appeal. "While there is no penalty for that omission, it requires this court to adjudicate [the appellant's] claims of error without the benefit of whatever argument, if any, [the respondent] could have made in response." *Salmon v. Dir. of Revenue*, 343 S.W.3d 723, 723 fn. 1.

Under Section 577.037 RSMo 2000[4], a breath alcohol test administered in violation of Sections 577.020–577.041 is inadmissible in a driver's license suspension or revocation proceeding. *Schneider v. Dir. of Revenue,* 339 S.W.3d 533, 534 (Mo.App. E.D.2011). Scheumbauer objected to the admission of the result of his breathalyzer test at trial because the permit was not issued properly by the DOT pursuant to Executive Order 07–05, and therefore the result of the BAC test was inadmissible. The DOR argues that the trial court's ruling preceded a 2011 opinion of this Court, holding that the 2007 Executive Order has no effect on the admissibility of breath test results, and therefore the trial court erred in excluding the result of Scheumbauer's breath test. We agree.

We first held that there was no basis to conclude that a breath test administered by the DHSS failed to comply with Sections 577.020–577.041 such that the result would be rendered inadmissible at trial in *Schneider,* 339 S.W.3d at 539. The Western and Southern Districts have since followed that holding. See *Grafeman v. Dir. of Revenue,* 344 S.W.3d 861 (Mo.App. W.D. 2011) *and Downs v. Dir. of Revenue,* 344 S.W.3d 818 (Mo.App. S.D.2011).

The trial court's judgment was based upon a legal conclusion that the DOT became responsible for promulgating rules and regulations to administer the Breath Alcohol Program after Executive Order 07–05 was signed by then-Governor Matt Blunt in January 2007. However, the order did not result in an immediate transfer of breath alcohol program authority from DHSS to the DOT. The order merely authorized the process of the transfer, which was never fully implemented by the agencies. *Salmon v. Dir. of Revenue,* 343 S.W.3d 723, 725 (Mo.App. W.D.2011). The trial court erroneously applied the law in excluding the result of Scheumbauer's breathalyzer test. This point is granted.

## III. CONCLUSION

The trial court's finding that DHSS "no longer had the regulatory authority regarding the breath alcohol testing program" and subsequent exclusion of the result of Scheumbauer's test are erroneous as a matter of law. Because the trial court erroneously rejected Scheumbauer's breathalyzer test result as a result of that finding and misapplication of the law, we reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

PATRICIA L. COHEN, P.J. and GEORGE W. DRAPER III, J., concur.

---

4. All further statutory references are to RSMo 2000.