**Laura Jean SAFRON, Respondent,**

**v.**

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

**No. ED 95300.**

Missouri Court of Appeals, Eastern District, Division One.

April 24, 2012.

Samuel Edward Buffaloe, Jefferson City, MO, for Appellant.

Robert Stephen Adler, St. Louis, MO, for Respondent.

ROY L. RICHTER, Judge.

The Director of Revenue for the State of Missouri ("Director") appeals from the judgment of the Circuit Court of St. Louis County setting aside the revocation of the driving privileges of Laura Jean Safron ("Safron"). We reverse and remand.

## I. BACKGROUND

On October 10, 2009, Officer Scott Schlager ("Officer Schlager") of the Town and Country Police Department stopped

Safron after observing her fail to signal before changing lanes and weaving between two lanes. As Officer Schlager approached the vehicle and began speaking with Safron, he noticed a strong smell of alcohol and observed that her eyes were bloodshot and her speech slurred. Officer Schlager then asked Safron to exit her vehicle to perform three field sobriety tests: the horizontal gaze nystagmus test, the walk-and-turn test, and the one-leg stand test. Safron subsequently failed elements of each test. Based on his observations, Officer Schlager arrested Safron for driving while intoxicated ("DWI") and transported her to the police station.

At the station, Safron agreed to a blood alcohol analysis, which was performed by Officer Schlager utilizing a BAC Datamaster, a breath alcohol testing machine. Safron registered .11% blood alcohol content ("BAC"). After the analysis, Officer Schlager completed the Datamaster checklist and certified he was authorized to operate the machine and that the test was performed in accordance with the rules promulgated by the Missouri Department of Health and Senior Services ("DHSS"). Officer Schlager then signed and completed an Alcohol Influence Report, outlining all of his observations and test results, and he issued Safron a "Notice of Suspension/Revocation of Your Driving Privilege" pursuant to Section 302.505 RSMo Cum. Supp.2009.[1] Safron was charged with DWI, failure to signal a lane change, driving with expired license plates, and weaving between lanes.

Following an administrative hearing in which Safron's suspension was upheld, Safron filed a "Petition for Trial De Novo" in the Circuit Court of St. Louis County. The case was heard before a traffic commissioner on February 18, 2010, and, in accordance with Section 302.530, the com-

missioner determined by a preponderance of the evidence that Officer Schlager had probable cause to arrest Safron for DWI and that Safron had a BAC of at least .08%. As a result, the commissioner sustained the Director's suspension of Safron's driving privileges.

Safron then filed a "Motion for Rehearing before a Circuit Judge." In her motion, Safron argued that Officer Schlager lacked probable cause to arrest her for DWI and that the Director failed to prove her BAC. Specifically, Safron maintained that Executive Order 07–05 (the "2007 Order"), issued by Governor Matt Blunt in January 2007, transferred the authority to administer the Missouri Breath Alcohol Program ("BAP") from DHSS to the Missouri Department of Transportation ("MoDOT"), thus invalidating the DHSS permits and procedures utilized in Safron's breath test. The Motion for Rehearing was granted, but only "based on [the] executive order" argument.

Safron reasserted her argument to the trial court, alleging that both her breath test results and the maintenance report of the Datamaster machine were inadmissible due to the 2007 Order. The Director argued in reply that the 2007 Order did not immediately transfer authority over the BAP, but merely set out that DHSS and MoDOT must "cooperate" to "develop mechanisms and processes necessary to effectively transfer" the BAP. On June 24, 2010, the trial court ruled that the breath test results were inadmissible for the reasons outlined by Safron and, consequently, entered judgment ordering the Director to reinstate Safron's driving privileges. This appeal follows.

## II. DISCUSSION

■ Our review of a driver's license suspension or revocation is governed by *Mur-*

---

1. All statutory references are to RSMo Cum.     Supp.2009, unless otherwise indicated.

*phy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Thus, we will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Bender v. Dir. of Revenue,* 320 S.W.3d 167, 169 (Mo. App. E.D.2010) (citing *Murphy,* 536 S.W.2d at 32).

■ In her sole point on appeal, the Director argues the trial court erroneously declared and applied the law in excluding the test results and maintenance records because the transfer begun by the 2007 Order did not take place and, therefore, DHSS retained its power to administer the BAP.[2] We agree.

At the time this case was decided, the trial court correctly noted that a very similar case was pending before this Court. In the intervening period, that case and its progeny have conclusively addressed the issue raised in this appeal. *Schneider v. Dir. of Revenue,* 339 S.W.3d 533 (Mo.App. E.D.2011); *see also Scheumbauer v. Dir. of Revenue,* 350 S.W.3d 868 (Mo.App. E.D. 2011); *Sostman v. Dir. of Revenue,* No. ED 95557, 2011 WL 6181831 (Mo.App. E.D.Dec.13,2011).

In *Schneider,* this Court held that the 2007 Order did not immediately transfer the BAP to MoDOT and divest DHSS of its authority to administer the program. 339 S.W.3d at 537. Instead, the plain language of the 2007 Order authorized the transfer process to commence "no sooner than August 28, 2007." *Id.* at 536. After that date, the agencies were directed only "to cooperate" in order "to effectively

transfer" the BAP. *Id.* at 537. A gradual transition was clearly contemplated in order to maintain the operation of the BAP during the transfer period. *Id.* at 536–37. As a result, this Court held that permits issued by DHSS are valid and the test results are admissible in proceedings to suspend a motorist's driver's license. *Id.* at 539–40. Both the Western and Southern Districts have since followed that holding. *See Griggs v. Dir. of Revenue,* 344 S.W.3d 799 (Mo.App. S.D.2011); *Grafeman v. Dir. of Revenue,* 344 S.W.3d 861 (Mo.App. W.D.2011). We therefore conclude that the trial court erroneously applied the law in excluding the result of Safron's breathalyzer test. The point is granted.

## III. CONCLUSION

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

CLIFFORD H. AHRENS, P.J., and GARY M. GAERTNER, JR., J., concur.

---

2. In her brief to this Court, the Director also argues that Officer Schlager had probable cause for the arrest. In light of our decision to remand this case, we decline to address this issue. It is appropriate to remand for further proceedings where the trial court excludes breath test results "based on the legal conclusion that MoDOT became responsible for promulgating rules and regulations to administer BAP after Executive Order 07–05 was signed by then-Governor Matt Blunt in 2007." *Moore v. Dir. of Revenue,* 351 S.W.3d 286, 287–88 (Mo.App. W.D.2011).