TRAVELERS COMMERCIAL CASU-
ALTY COMPANY, A Corporation,
f/k/a Travelers Indemnity Company of
Missouri, Plaintiff–Appellant,

v.

KAGAN CONSTRUCTION, L.L.C.,
A Limited Liability Company,
Defendant–Respondent.

No. SD 32166.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 13, 2013.

James E. Klenc, St. Louis, MO, for appellant.

Gary L. Smith, Lebanon, MO, for respondent.

MARY W. SHEFFIELD, Judge.

Travelers Commercial Casualty Company ("Travelers") appeals the trial court's

judgment in favor of Kagan Construction, L.L.C., ("Kagan") on Travelers' claim to recover unpaid premiums on workers' compensation insurance under a quantum meruit claim. Travelers argues the trial court's judgment is against the weight of the evidence. We disagree and affirm the trial court's judgment.

### Standard of Review

The decision of the Supreme Court of Missouri in *White v. Director of Revenue*, 321 S.W.3d 298 (Mo. banc 2010), "details the applicable standard of review for appeals of court-tried civil cases." *Pearson v. Koster*, 367 S.W.3d 36, 43 (Mo. banc 2012). "The judgment of the trial court will be affirmed 'unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law.'" *Id.* (quoting *White*, 321 S.W.3d at 307–08).

### Factual and Procedural History

Kagan is a general contractor working in the construction business. Kagan had a workers' compensation insurance policy with Travelers. The policy was effective from April 27, 2009, to April 27, 2010. Kagan paid $732 toward the premium on the policy. The final premium amount was based on the amount of payroll during the policy period. Travelers sent Kagan a voucher showing an additional $17,947 premium owed.

Travelers subsequently sued Kagan, raising claims for breach of contract, action on account stated, suit on account, and quantum meruit. In each count, Travelers sought payment of $17,947.

At trial, Kagan's attorney did admit that someone at Kagan requested workers' compensation insurance, but contested the amount Travelers was requesting.

At trial, Travelers introduced Exhibit 9, a document with the title "Premium Adjustment Notice." Exhibit 9 showed a "total earned premium" of $18,719. A premium auditor who worked for Travelers, (henceforth "Auditor"), stated the amount was a reasonable premium for the workers' compensation insurance coverage provided in this case. On cross-examination, Auditor testified he did not prepare Exhibit 9 and did not have any independent knowledge of whether the underlying numbers contained in that document were correct. Auditor explained he used the 1099s Kagan provided to verify the audit. However, the 1099s were based on the calendar year (January to January) rather than the policy year (April to April). Auditor could not determine if the work reflected in the 1099s he examined occurred during the April to April coverage period.

The trial court entered judgment in favor of Kagan. This appeal followed.

### Discussion

■ In its sole point relied on, Travelers argues the trial court's judgment is against the weight of the evidence because Travelers proved its quantum meruit count with Exhibit 9 and with Auditor's testimony. This argument ignores the standard of review.

■ The application of the standard of review in court-tried civil cases "varies depending on the burden of proof applicable at trial and the error claimed on appeal to challenge the judgment." *Pearson*, 367 S.W.3d at 43. Furthermore, "[t]he burden of proof applicable at trial depends on the type of claim presented in the pleadings." *Id.* "A quantum meruit claim is based upon a legally implied promise that a party will pay reasonable compensation for valuable services or materials provided at the request or with the acquiescence of that party." *Hunt v. Estate of Hunt*, 348 S.W.3d 103, 112 (Mo.App.W.D.2011) (quot-

ing *Olathe Millwork Co. v. Dulin*, 189 S.W.3d 199, 205 n. 6 (Mo.App.W.D.2006)). "To prevail on a quantum meruit claim, a plaintiff must prove: (1) he provided the defendant services upon request or with the defendant's acquiescence; (2) the services he provided were of a certain and reasonable value; and (3) the defendant 'refused to pay for such services after demand' by the plaintiff." *Hunt*, 348 S.W.3d at 112 (quoting *Moran v. Hubbartt*, 178 S.W.3d 604, 609 (Mo.App.W.D.2005)). At trial, Kagan's attorney admitted Kagan requested workers' compensation insurance and stated Kagan merely disputed the amount owed for the premium. Thus, the only issue presented in this case is whether the trial court's finding on the element of the certain and reasonable value of the services was against the weight of the evidence.

■■■■ "Recovery in quantum meruit for services performed is limited to the reasonable value of the services." *Moran*, 178 S.W.3d at 609–10 (quoting *Richard B. Curnow, M.D., Inc. v. Sloan*, 625 S.W.2d 605, 607 (Mo. banc 1981)). "Failure to prove reasonable value is fatal to a quantum meruit claim." *Moran*, 178 S.W.3d at 610 (quoting *Hoops v. Gateway Food Prods.*, 824 S.W.2d 451, 453 (Mo.App.E.D. 1991)). "The reasonable value of services is 'the price usually and customarily paid for such services or like services at the time and in the locality where the services were rendered.'" *Moran*, 178 S.W.3d at 610 (quoting *Lucent Techs., Inc. v. Mid–West Elecs. Inc.*, 49 S.W.3d 236, 247 (Mo.App.W.D.2001)). While a plaintiff's opinion testimony regarding reasonable value may be sufficient to support a finding regarding the value of services rendered if the plaintiff is an expert, *Moran*, 178 S.W.3d at 610, "[p]roof of reasonable value is not accomplished simply by reciting the bill." *Hunt*, 348 S.W.3d at 113 (quoting

*Miller v. Horn*, 254 S.W.3d 920, 925 (Mo. App.W.D.2008)). Based on these principles, Travelers, as the plaintiff, bore the burden of proof at trial.

■■■■ After identifying the party bearing the burden of proof at trial, "the reviewing court must also apply the proper standard of review for the error claimed on appeal." *Pearson*, 367 S.W.3d at 43. "A claim that there is no substantial evidence to support the judgment or that the judgment is against the weight of the evidence necessarily involves review of the trial court's factual determinations." *Id.* "A court will overturn a trial court's judgment under these fact-based standards of review only when the court has a firm belief that the judgment is wrong." *Id.* "In reviewing questions of fact, the reviewing court will defer to the trial court's assessment of the evidence if any facts relevant to an issue are contested." *Id.* at 44. A fact may be contested "in many ways, such as by putting forth contrary evidence, cross-examining a witness, challenging the credibility of a witness, pointing out inconsistencies in the evidence, or arguing the meaning of the evidence." *Id.* When the evidence is contested, "[a] trial court is free to disbelieve any, all, or none of" the evidence presented by the party with the burden of proof. *White*, 321 S.W.3d at 308. Thus, "the party not having the burden of proof on an issue need not offer any evidence concerning it[,]" *id.* at 305 (quoting *Stiff v. Stiff* 989 S.W.2d 623, 628 (Mo.App.S.D.1999)), and "[i]f the trier of fact does not believe the evidence of the party bearing the burden, it properly can find for the other party." *Id.*

■■■■ In its brief, Travelers fails to take into account the fact that it bore the burden of proof at trial. Travelers points to Exhibit 9 and states Kagan "offered no evidence to rebut this Exhibit." But Kagan was not required to offer evidence to

rebut the exhibit in order for the trial court to rule in favor of Kagan. *Id.* Travelers also ignores the fact that Kagan contested the evidence by cross-examining Auditor. Travelers does not discuss Kagan's questioning of Auditor during which Auditor admitted he did not prepare Exhibit 9, had no personal knowledge of whether the numbers contained in the exhibit were accurate, and that the documents Auditor used to review the exhibit were based on the calendar year (January to January) rather than the policy year (April to April). As the evidence was contested, we defer to the trial court's determination of credibility, keeping in mind that the trial court had the right to disbelieve any or all of the testimony presented. *See id.* at 308. The trial court clearly found Exhibit 9 to be unconvincing in light of Kagan's challenge to that evidence through its cross-examination of Auditor. Thus, Travelers failed to meet its burden of proof, and the trial court's judgment is not against the weight of the evidence.

Travelers' sole point is denied.

### Decision

The trial court's judgment is affirmed.

JEFFREY W. BATES, J., and DON E. BURRELL, C.J., concur.