**Adam L. LETTERMAN, Petitioner–Respondent,**

v.

**DIRECTOR OF REVENUE, Respondent–Appellant.**

**No. SD 32419.**

Missouri Court of Appeals, Southern District, Division Two.

Oct. 28, 2013.

---

Andrew C. Hooper, Jefferson City, MO, for appellant.

Robert E. Childress and John D. Kail, Springfield, MO, for respondent.

JEFFREY W. BATES, P.J.

The Director of Revenue (Director) appeals from a judgment reinstating the driving privileges of Adam Letterman (Letterman). Director presents two points for decision. In Point I, Director contends the trial court erred by failing to make requested findings of fact. In Point II, Director contends the trial court erred by concluding that the trooper lacked probable cause to arrest Letterman for driving while intoxicated. Finding no merit in either contention, we affirm.

Following Letterman's arrest, Director suspended Letterman's driving privileges. Letterman requested an administrative hearing, and Director prevailed. Letterman then filed a petition for a trial *de novo* in the circuit court pursuant to § 302.535.[1]

---

1. All references to statutes are to RSMo Cum. Supp. (2011). All references to rules are Missouri Court Rules (2013).

The trial court found in Letterman's favor and ordered Director to reinstate Letterman's driving privileges. This appeal followed. Additional facts necessary to the disposition of the case are included below as we address Director's two points of error.

## Point I

Director's first point contends the trial court erred by failing to issue findings of fact, which were properly requested by Director. The following facts are relevant to this point.

Prior to the introduction of evidence at the trial *de novo*, the following colloquy occurred between Director's counsel and the trial court:

> [DIRECTOR'S COUNSEL]: I would like to request findings of facts and conclusions of law on the disputed issues in this matter.
>
> THE COURT: Okay. Have you got a written request?
>
> [DIRECTOR'S COUNSEL]: No. Normally I just—I mean, does there need to be one? Is that a local rule?
>
> THE COURT: I think by statute. I don't think I'm required to consider the darn thing unless they are submitted in writing, so—
>
> [DIRECTOR'S COUNSEL]: Okay. Okay. Well, then that's fine. I'll just— Yeah. Okay. I don't have anything in writing, so I'll note that for the next time.

The case was tried and taken under advisement. The trial court issued a judgment in Letterman's favor. In relevant part, the judgment stated that "[Director] failed to establish that [Letterman] was arrested upon probable cause to believe that such person was operating a motor vehicle while the alcohol concentration in the driver was .08% or more by weight."

Director filed a timely post-trial motion to amend the judgment. The Director asked the court "to issue the findings of fact and conclusions of law requested by the Director's counsel." The motion, however, did not specify the controverted fact issues on which Director wanted the trial court to make findings. Director's motion was overruled by operation of law after 90 days pursuant to Rule 78.06.

■ In Point I, Director contends the trial court erred by denying the request for findings of fact "on the disputed issues in this matter" because counsel did not submit the request in writing. Director argues that: (1) the request is not required to be in writing; and (2) counsel properly made the request on the record before the introduction of evidence at trial. We find no merit in this argument.

■ With respect to the first prong of the argument, we agree that "Rule 73.01 does not require that a party's request for findings of fact and the legal grounds for the court's decision be in writing." *Dorman v. Dorman*, 91 S.W.3d 167, 169–70 (Mo.App.2002). That being said, Director still is not entitled to relief because counsel's oral request was not sufficiently specific to trigger the trial court's obligation to make factual findings. In a court-tried case, Rule 73.01(c) states in relevant part:

> The court may, or if requested by a party shall, include in the opinion findings on the controverted fact issues *specified by the party*. Any request for an opinion or findings of fact shall be made on the record before the introduction of evidence at trial or at such later time as the court may allow.

*Id.* (emphasis added). "[E]ven if a request for findings of fact under Rule 73.01 is made, a trial court need not make findings of fact unless the movant clearly and unequivocally specifies the controverted fact

issues." *Berlin v. Pickett*, 100 S.W.3d 163, 167 (Mo.App.2003); *Hammons v. Ehney*, 924 S.W.2d 843, 849–50 (Mo. banc 1996) (parties' request for findings of fact on issues they wish the court to decide "must be clear and unequivocal"); *see, e.g., Orton v. Director of Revenue*, 131 S.W.3d 827, 828 (Mo.App.2004). "Where a party fails to specify the issues upon which findings are sought, the request for findings of fact is inadequate and the court's failure to issue findings of fact is not erroneous." *Dorman*, 91 S.W.3d at 170; *see Dardick v. Dardick*, 670 S.W.2d 865, 867 (Mo. banc 1984).

Director's counsel did not specify any controverted fact issues on which he was seeking findings. Counsel's general request for findings of fact "on disputed issues" was insufficient to trigger the court's obligation to make findings pursuant to Rule 73.01(c). *See Dorman*, 91 S.W.3d at 170; *see also Hammons*, 924 S.W.2d at 849–50; *Berlin*, 100 S.W.3d at 167.[2] Because Director's request was inadequate, the court's failure to issue findings of fact was not erroneous. *Dorman*, 91 S.W.3d at 170; *see Dardick*, 670 S.W.2d at 867.[3] Point I is denied.

### Point II

■ Director's second point contends the trial court erred in reinstating Letterman's driving privileges because there was probable cause to arrest Letterman for driving while intoxicated (DWI). "[W]hen there are no written findings, the evidence 'shall be considered as having been found in accordance with the result reached;' in other words, in the light most favorable to the judgment." *White v. Director of Revenue*, 321 S.W.3d 298, 305 (Mo. banc 2010); *see also Harvey v. Director of Revenue*, 371 S.W.3d 824, 828 (Mo.App.2012); Rule 73.01(c). Viewed from that perspective, the following evidence relevant to the probable cause issue was presented at trial.

On September 10, 2011, Trooper Trenton Badgett of the Missouri State Highway Patrol was dispatched to investigate an injury accident involving a four-wheeler ATV on Roanoke Lane in Marshfield, Missouri. When Trooper Badgett arrived at the scene, he saw a four-wheeler that had crashed and was lying on its side. The ATV driver, Letterman, was being given medical attention by emergency personnel. Letterman, who was not wearing a helmet, was lying partly on the road and partly in the ditch. He had a large gash on one of his arms around the elbow. The wound was "bleeding quite a bit[,]" and Letterman was in severe pain.

While paramedics were providing medical attention, Trooper Badgett asked what happened. Letterman said he crashed the ATV when he swerved to miss a dog that ran out in front of him. A witness at the scene corroborated Letterman's statement. Trooper Badgett smelled a moderate odor

---

2. In addition, Director's post-trial motion to amend the judgment also failed to specify any controverted factual issues on which findings were requested. Therefore, Director failed to preserve this issue for appellate review. *See* Rule 78.07(c); *see, e.g., Country Club of the Ozarks, LLC v. CCO Investments, LLC*, 338 S.W.3d 325, 335 (Mo.App.2011) (court's failure to make findings must be properly raised in motion to amend to be preserved for appellate review); *see also Jenkins v. Jenkins*, 368 S.W.3d 363, 369 (Mo.App.2012).

3. In any event, Director's counsel appears to have acquiesced in the trial court's ruling by stating, "Well, then that's fine. I'll just— Yeah. Okay. I don't have anything in writing, so I'll note that for the next time." A party will not be permitted to complain on appeal about an alleged error in which, by his own conduct at trial, he joined or acquiesced. *A.E.B. v. T.B.*, 354 S.W.3d 167, 174 (Mo. banc 2011).

of alcohol about Letterman's person. Trooper Badgett then left the paramedics to do their job while he looked at the accident scene.

After Letterman had been loaded into the back of the ambulance, Trooper Badgett got inside. He smelled the odor of alcohol and asked how much Letterman had to drink. He responded, "Three beers." Trooper Badgett saw that Letterman's eyes were glassy, and he was mumbling when he spoke.[4]

Because of Letterman's injuries, Trooper Badgett was not able to perform any field sobriety tests except a portable breath test (PBT). He did not know the brand or model of the PBT he used. He had done no scheduled maintenance on his current PBT. He had performed maintenance on it in the past, however, when it malfunctioned in the field. He could not recall whether the operator's manual for the PBT required him to perform calibration checks on the device. He also could not recall whether the manual required a 15–minute observation period prior to using the PBT to let mouth alcohol dissipate. He did not observe Letterman for 15 minutes before performing the test.[5] Trooper Badgett testified that Letterman gave a sufficient amount of air for the PBT to register, but the trooper's written report stated that Letterman provided "a very weak sample[.]" According to Trooper Badgett, the PBT result was positive for alcohol. At that point, Trooper Badgett had been on the scene for 10 minutes, and he had only been in contact with Letterman a portion of that time. Trooper Badgett believed Letterman was intoxicated and placed him under arrest for DWI.

After all of the evidence had been presented, Letterman's counsel argued that Director had failed to meet his burden of proof on the probable cause issue. Counsel pointed out that: (1) there was no evidence the crash occurred because of unusual or illegal operation of the ATV by Letterman; (2) Trooper Badgett did not observe Letterman very long; (3) his injuries could explain many of the trooper's observations; and (4) the PBT result was not credible. Thereafter, the trial court ruled against Director on the probable cause issue.

 In order to suspend or revoke a driver's license, Director must prove by a preponderance of the evidence that: (1) the arresting officer had probable cause to arrest the driver for an alcohol-related offense; and (2) the driver was driving with a blood alcohol content equal to or in excess of the legal limit. § 302.505; *Irwin v. Director of Revenue*, 365 S.W.3d 266, 267 (Mo.App.2012). "The director's burden of proof has two components—the burden of production and the burden of persuasion." *White v. Director of Revenue*, 321 S.W.3d 298, 304 (Mo. banc 2010) (footnote omitted). The burden of production is a party's duty to introduce enough evidence on an issue to have that issue decided by the fact-finder. *Id.* The burden of persuasion is a party's duty to convince the fact-finder to view the facts favorably to that party. *Id.* at 305. If Director fails to meet the burden of proof, the trial court is required to order Director to reinstate the individual's driving privileges. *Storck v. Director of Revenue*, 59 S.W.3d 545, 548 (Mo.App. 2001).

4. We have included Officer's Badgett's testimony about what he saw and heard when he spoke with Letterman because defense counsel conceded these facts at trial and on appeal.

5. The court expressed concern about this issue and asked if the manual was available. Director's counsel did not have one with him, but he stated that a 15–minute waiting period was "recommended by the manufacturer."

The burden of proving probable cause is upon Director. *See* § 302.535; *White*, 321 S.W.3d at 304. Probable cause exists when "an officer possesses facts which would justify a person of reasonable caution to believe that an offense has been or is being committed and that the individual to be arrested committed it." *Edmisten v. Director of Revenue*, 92 S.W.3d 270, 274 (Mo.App.2002). Here, that offense was driving while intoxicated. "In examining the existence of probable cause, courts consider the information possessed by the officer before the arrest and the reasonable inferences drawn therefrom." *Id.*

Director argues that the trial court's contrary finding was against the great weight of the evidence because the facts known to Trooper Badgett were sufficient to give him probable cause to believe that Letterman had been operating a vehicle while intoxicated. We disagree.

"A claim ... that the judgment is against the weight of the evidence necessarily involves review of the trial court's factual determinations." *Pearson v. Koster*, 367 S.W.3d 36, 43 (Mo. banc 2012). When evidence is contested by disputing a fact in any manner, this Court defers to the trial court's determination of credibility. *Hinnah v. Director of Revenue*, 77 S.W.3d 616, 620 (Mo. banc 2002); Rule 84.13(d)(2). "A trial court is free to disbelieve any, all, or none of that evidence." *White*, 321 S.W.3d at 308. An appellate court is prohibited from re-evaluating the evidence through its own perspective. *Pearson*, 367 S.W.3d at 44; *see also White*, 321 S.W.3d at 308–09. In determining whether the judgment is against the weight of the evidence, "weight" denotes probative value and not the quantity of evidence. *White*, 321 S.W.3d at 309.

Letterman contested the issue of probable cause below, and the trial court was not persuaded that the facts known to Trooper Badgett would cause a person of reasonable caution to believe that Letterman had operated a vehicle while intoxicated. As *White* makes clear, that was within the trial court's prerogative as fact-finder:

> When the burden of proof is placed on a party for a claim that is denied, the trier of fact has the right to believe or disbelieve that party's uncontradicted or uncontroverted evidence. If the trier of fact does not believe the evidence of the party bearing the burden, it properly can find for the other party. Generally, the party not having the burden of proof on an issue need not offer any evidence concerning it.

*White*, 321 S.W.3d at 305 (internal citations and quotation marks omitted). Giving due deference to the trial court's credibility determinations, its ruling on the probable cause issue was not against the weight of the evidence. It is undisputed that the ATV crash was an accident that resulted from a dog running in front of the machine. The trial court was free to believe that Letterman's glassy eyes and mumbling were attributable to the fact that he had not been wearing a helmet and was seriously injured in the accident. The court also could have found the PBT result was not credible because: (1) the PBT had not been properly calibrated; (2) it had not been properly maintained; and/or (3) the test had not been performed in accordance with the manufacturer's recommendations. *See, e.g., State v. Robertson*, 328 S.W.3d 745, 751–52 (Mo.App.2010); *Paty v. Director of Revenue*, 168 S.W.3d 625, 632 (Mo.App.2005). Because the evidence relevant to probable cause was controverted, we defer to the trial court's credibility determinations. *See York v. Director of Revenue*, 186 S.W.3d 267, 272 (Mo. banc 2006), *overruled on other grounds by White*, 321 S.W.3d at 306; *Hinnah v. Director of Revenue*, 77 S.W.3d 616, 620 (Mo.

banc 2002); Rule 84.13(d)(2). The smell of alcohol on Letterman's person and his admission that he drank three beers did not compel the trial court to conclude that there was probable cause to arrest Letterman for operating a vehicle while intoxicated. *See, e.g., York,* 186 S.W.3d at 272 (although uncontested indicia of intoxication included "the smell of alcohol, the fact that York's eyes were watery, bloodshot and glassy, and York's admission to drinking one or two beers," court acted within its discretion in concluding that the existence of probable cause had not been proven). In short, Director simply failed to carry his burden of persuading the trial court to view the facts favorably to Director. *See White,* 321 S.W.3d at 304.

In conclusion, the trial court's finding that Director failed to prove Trooper Badgett had probable cause to arrest Letterman for driving while intoxicated was not against the weight of the evidence. *See Travelers Commercial Cas. Co. v. Kagan Const, L.L.C,* 408 S.W.3d 249, 252–53, 2013 WL 4080781, *2 (Mo.App.S.D. filed Aug. 13, 2013) (because the plaintiff failed to meet its burden of proof, a judgment for defendant was not against the weight of the evidence). Because Director failed to meet his burden of persuasion on that issue, the trial court did not err in ordering Director to reinstate Letterman's driving privileges. *See* § 302.505; *Irwin,* 365 S.W.3d at 267; *Storck,* 59 S.W.3d at 548. Point II is denied.

The judgment of the trial court is affirmed.

DON E. BURRELL and MARY W. SHEFFIELD, JJ., concur.