

# Missouri Court of Appeals

### Southern District

In Division

IN THE INTEREST OF D.E.P. JR., )
GREENE COUNTY JUVENILE OFFICE,)
                                )
        Respondent,             )        No. SD38420
                                )
v.                              )        **Filed:  October 31, 2024**
                                )
D.E.P. JR.,                     )
                                )
        Appellant.              )

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Douglas A. Hosmer, Judge

## <u>AFFIRMED</u>

### <u>Introduction</u>

This appeal involves an adjudication of juvenile delinquency.  In December 2023, a manager at a Price Cutter grocery store discovered money missing from the store.  Surveillance footage from the store showed an employee, D.E.P. Jr. ("Juvenile"), ringing up refunds for items that were never sold.  After ringing up these refunds, Juvenile would pocket the cash or credit the value of the items to his debit card.

Juvenile was charged in the juvenile division of the circuit court ("the juvenile division") with conduct that would constitute the class D felony of stealing if Juvenile were an adult.  *See* § § 211.031 and 570.030.[1]  The juvenile division held a hearing.  At that hearing, Juvenile admitted he made the transactions but claimed he did so because his manager threatened to kill him and his family if he did not.

After the hearing, the juvenile division found the Juvenile Office produced sufficient evidence to prove that Juvenile committed what would have constituted the class D felony of stealing beyond a reasonable doubt if Juvenile had been an adult, and the juvenile division ordered Juvenile to be committed to the Division of Youth Services.

Juvenile appeals from that judgment.  In a single point, Juvenile argues the juvenile division erred in finding the Juvenile Office met its burden as to the stealing count because there was insufficient evidence.[2]  Finding no merit to this argument, we affirm the judgment.

**The Evidence**

The juvenile division heard testimony by a Price Cutter manager ("manager") and Juvenile.[3]  The parties stipulated to the admission of 52

---

[1] All statutory citations are to RSMo Cum. Supp. (2023).  Juvenile's appeal only involves Count 1 of the amended petition.  Juvenile was also charged with a second count of stealing, misdemeanor possession of an illegal weapon, and misdemeanor property damage.  Those counts are not relevant to this appeal.

[2] Juvenile's point also argues the juvenile division's finding that the juvenile office had met its burden was against the weight of the evidence.  This is a separate claim of error which should have been raised in a separate point.  Because we are able to discern the nature of Juvenile's challenge to the sufficiency of the evidence, we address that claim only.

[3] Other witnesses testified at the hearing, but their testimony is not relevant to the issue raised in this appeal.

"refund" receipts for the transactions made by Juvenile, the video surveillance footage of Juvenile making the transactions, and Juvenile's bank records.

Manager testified that a corporate bookkeeper for Price Cutter informed him of some discrepancies in transaction histories from the store. Manager began investigating the matter by checking all return transactions for the prior month and tracking those returns with camera footage to see if they were legitimate or fraudulent. Manager discovered Juvenile, an employee of the store, was going through the system and ringing up items in a certain amount to do a return. Juvenile would then pocket the cash or credit the value of the items to his personal debit card. During these transactions, Juvenile was not interacting with a customer, which would be the normal practice for making a return, and did not have permission to take money from the store. The total value of these transactions was $2,150.85.

Juvenile did not deny making the transactions. Instead, he claimed Manager taught him how to make the fraudulent returns. According to Juvenile he would obtain the cash or electronically-transferred funds and would give the funds to Manager at a later date, sometime after Juvenile was to resign from his position. Juvenile claimed he made the transactions because Manager threatened to kill him, his family, and other individuals.

**Standard of Review**

We review juvenile proceedings in the same manner as court-tried cases. ***D.C.M. v. Pemiscot Cty., Juvenile Office***, 578 S.W. 3d 776, 786 (Mo. banc 2019). This means we will affirm a judgment in a juvenile proceeding unless it is not supported by substantial evidence, is against the weight of the evidence, or

3

erroneously declares or applies the law. *Id.* In reviewing a sufficiency-of-the-evidence challenge, we consider the evidence, including all reasonable inferences therefrom, in the light most favorable to the judgment, disregarding all contrary inferences. *Id.* "When a juvenile is alleged to have committed an act that would be a criminal offense if committed by an adult, the standard of proof, like that in criminal trials, is beyond a reasonable doubt." *Id.*

## Analysis

Juvenile was alleged to have committed an act that, if committed by an adult, would have constituted the class D felony of stealing. A person commits the offense of stealing if he or she appropriates property or services of another with the purpose to deprive him or her thereof, either without his or her consent or by means of deceit or coercion. § 570.030.1(1). The offense is a class D felony if the value of the property or services appropriated is $750 or more. § 570.030.5(1).

Juvenile does not argue that any of the elements of the class D felony were not met. Rather, he argues the Juvenile Office "failed to overcome the affirmative defense of duress presented by [Juvenile] through his testimony."

Duress is an affirmative defense that a defendant engaged in the conduct charged "because he or she was coerced to do so, by the use of, or threatened imminent use of, unlawful physical force upon him or her or a third person, which force or threatened force a person of reasonable firmness in his situation would have been unable to resist." § 562.071. A defendant bears the burden of persuasion with respect to an affirmative defense. *State v. Balbirnie*, 541 S.W.3d 702, 711 (Mo. App. W.D. 2018). "The burden of persuasion is a party's

duty to convince the fact-finder to view the facts favorably to that party."

*Letterman v. Director of Rev.*, 412 S.W.3d 459, 464 (Mo. App. S.D. 2013).

Juvenile's argument is without merit because it is nothing but an invitation for us to reweigh the evidence and ignores our standard of review. Juvenile testified he made the transactions because Manager threatened to kill him. This testimony was rebutted by Manager, who testified he never threatened Juvenile. It was for the circuit court to decide whose testimony to believe or disbelieve.[4] "Reliability, credibility, and the weight afforded to witness testimony are all for the fact-finder to determine." *State v. Hankins*, 531 S.W.3d 77, 80 (Mo. App. S.D. 2017). We will not reweigh evidence on appeal or make credibility determinations. *State v. Stewart*, 640 S.W.3d 174, 177 (Mo. App. E.D. 2022). Juvenile's point is denied.

## Conclusion

The judgment is affirmed.

MARY W. SHEFFIELD, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

JACK A. L. GOODMAN, J. – CONCURS

---

[4] While the juvenile division did not make any express credibility findings, we assume that all facts were found in accordance with the result reached. *State v. Johnstone*, 486 S.W.3d 424, 435 (Mo. App. W.D. 2016).